UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

**DECISION AND ORDER**
11-CR-279S

v.

OCTAVIUS MILLER,

Defendant.

## I.   INTRODUCTION

Pending before the Court is a motion (Dkt. Nos. 12, 13) by defendant

Octavius Miller for release on reasonable bail conditions.  Defendant has been in

custody since the Court ordered him detained at the conclusion of his detention

hearing on July 25, 2011.  In support of release, defendant cites his life-long

residency in the City of Niagara Falls and his extensive family and community ties

to the Western New York area.  Defendant further submits that he has been

taking GED classes while in custody and that he has a job offer waiting for him if

the Court releases him.  Finally, defendant notes that he has been attending

counseling classes and that he has improved himself since the bail and parole

violations that he committed early last decade.  On this basis, defendant

proposes that electronic monitoring or home confinement will suffice to secure his

appearance at future Court proceedings and to ensure the safety of the

community.  The Government opposes release, arguing that defendant has no

material information to present that has changed since his detention hearing last year.

The Court held oral argument on May 7, 2012.  For the reasons below, the Court denies defendant's motion.

## II.   BACKGROUND

This case concerns allegations that defendant sold cocaine base from his residence in Niagara Falls.  The indictment, filed on September 7, 2011, contains one count.  In Count One, the Government charged defendant with possession, with intent to distribute, of 28 grams or more of a mixture or substance containing cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B).  The Court arraigned defendant on September 16, 2011.  Prior to the indictment, when defendant was arrested on a criminal complaint, the Court held a detention hearing on July 25, 2011.  At the conclusion of the detention hearing, the Court held orally that defendant would remain in custody because he presented a risk of danger to the community and a risk of flight.

The Court relied on defendant's pretrial services report, dated July 25, 2011, when ordering detention.  According to the pretrial services report, defendant lived with relatives at an address in Niagara Falls where law enforcement agents allegedly found ammunition along with four digital scales laced with cocaine.  Another address associated with defendant, the address where he was arrested, allegedly contained a quantity of crack cocaine along with

two other digital scales.  The pretrial services report contained some information
about substance abuse history.  Additionally, the pretrial services report
contained defendant's criminal history, which consists of three prior drug-related
convictions in 2001 and a drug-related conviction in 2003.  The latter three
criminal cases all occurred while defendant was on bail or parole supervision and
constituted bail and parole violations.

On February 9, 2012, defendant filed the pending motion for release on
reasonable bail conditions.   In support of his motion, defendant makes several
arguments.  Defendant himself states that the "strongest factors" in his favor are
his extensive family and community ties to the Western New York area.
Defendant notes that he has lived in the area all his life and has numerous
relatives living here.  Defendant submits this information to demonstrate that he is
not a flight risk.  Additionally, defendant submits information indicating that he has
tried to improve his life while in custody and that he will continue to do so if
released.  Defendant has been working on his GED; the Court does not have an
update as of this writing, but defendant was expected to obtain his diploma in
May 2012.  Defendant also has received drug and alcohol counseling.  Finally,
defendant has attached to his motion papers a letter from a local employer
indicating that the employer would be willing to hire defendant if released.
Defendant submits all of this information to show that he has distanced himself
from his prior criminal convictions, which now are almost a decade old.

The Government opposes defendant's release.  The Government cites the statutory presumption in favor of detention and argues that defendant has not rebutted the presumption.  The Government cites further to defendant's criminal history and argues that it demonstrates undeterred criminal activity that poses a danger to the community.  Finally, the Government contends that defendant has a motive to flee given the nature of the charges and given that he would qualify as a Career Offender under the Sentencing Guidelines.  According to the Government, Career Offender status for defendant would mean an advisory sentencing range of 360 months to life imprisonment.  The Government thus contends that no combination of release conditions would be appropriate.

## III.   DISCUSSION

"The Eighth Amendment to the Constitution states that '[e]xcessive bail shall not be required.'  U.S. Const. amend. VIII.  Consistent with this prohibition, 18 U.S.C. § 3142(b) requires a court to order the pre-trial release of a defendant on a personal recognizance bond 'unless the [court] determines that such release will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community.'"  *U.S. v. Sabhnani*, 493 F.3d 63, 75 (2d Cir. 2007).  Statutory factors to be considered when assessing flight or danger include the nature and circumstances of the offense charged, the weight of the evidence against the person, the history and characteristics of the person, and the nature and seriousness of the danger to

4

any person or the community that would be posed by the person's release.  *See*
18 U.S.C. § 3142(g).

With respect to flight risk, "the government carries a dual burden in seeking
pre-trial detention.  First, it must establish by a preponderance of the evidence
that the defendant, if released, presents an actual risk of flight.  Assuming it
satisfies this burden, the government must then demonstrate by a preponderance
of the evidence that no condition or combination of conditions could be imposed
on the defendant that would reasonably assure his presence in court."  *Sabhnani*,
493 F.3d at 75 (citations omitted).  "To order detention, the district court must
find, after a hearing, that the government has established the defendant's
dangerousness by clear and convincing evidence.  The rules of evidence do not
apply in a detention hearing.  Further, the government may proceed by proffer."
*U.S. v. Ferranti*, 66 F.3d 540, 542 (2d Cir. 1995) (citations omitted).

Once the Court has issued a detention order in the manner set forth above,
it may reconsider that order and reopen the detention hearing "at any time before
trial if the judicial officer finds that information exists that was not known to the
movant at the time of the hearing and that has a material bearing on the issue
whether there are conditions of release that will reasonably assure the
appearance of such person as required and the safety of any other person and
the community."  18 U.S.C. § 3142(f)(2).  "New and material information for
Section 3142(f)(2)(B) purposes consists of something other than a defendant's

own evaluation of his character or the strength of the case against him: truly

changed circumstances, something unexpected, or a significant event." *U.S. v.*

*Jerdine*, No. 1:08 CR 00481, 2009 WL 4906564, at *3 (N.D. Ohio Dec. 18, 2009)

(citation omitted).  Where evidence was available to defendant at the time of the

hearing, the hearing will not be reopened.  *See U.S. v. Dillon*, 938 F.2d 1412,

1415 (1st Cir. 1991); *U.S. v. Hare*, 873 F.2d 796, 799 (5th Cir. 1989).

Here, defendant has not presented any information unknown to him

previously that would warrant a change in his custody status.  The Court

previously found defendant to be a danger and a flight risk based on his criminal

history, the nature of the pending charges, and the information available in the

pretrial services report.  Those factors have not changed.  Of particular concern is

defendant's history of violating conditions of bail and parole whenever he faces

criminal charges.  *Cf. U.S. v. Ard*, No. 10-CR-184, 2011 WL 2421222, at *3

(W.D.N.Y. June 13, 2011) (Skretny, *C.J.*) ("Defendant's criminal history includes

one arrest while under probation supervision and two arrests while released on

bail, demonstrating that Defendant is unable to comply with conditions of

release.").  Defendant committed those bail and parole violations while living in

Western New York with his family, which means that emphasizing his family ties

now has only limited value.  *Cf. U.S. v. Watson*, No. 4:08CR00655, 2008 WL

5411381, at *1 (E.D. Mo. Dec. 29, 2008) ("[T]he Court notes that Defendant

resided with his mother for the majority of his life, during which time Defendant

committed the offenses and repeatedly violated the terms of his probation and parole, as recited in the PSR."). The Court is pleased to hear that defendant has taken some steps toward improving his life. That new information by itself, however, does not suffice to mollify the Court's concerns that the nature of the charges, the history of bail and parole violations, and the other information available mean that defendant continues to pose a flight risk and a danger to the community.

In short, defendant has given the Court no new and material information that helps his effort to change his custody status. The Court is content to let its prior detention order stand.

## IV.  CONCLUSION

For all of the foregoing reasons, the Court denies defendant's motion for bail (Dkt. Nos. 12, 13). Defendant shall remain in custody pending trial.

Defendant shall remain committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

Despite the Court's order of detention, defendant shall be afforded reasonable opportunity for private consultation with counsel. Additionally, on order of the Court or on request of an attorney for the Government, the person in charge of the corrections facility in which defendant is confined shall deliver

defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding in this case.

      SO ORDERED.

                    /s Hugh B. Scott
                 HONORABLE HUGH B. SCOTT
                 UNITED STATES MAGISTRATE JUDGE

DATED: June 15, 2012